NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLID WASTE SERVICES, INC., | Civil Case No. 08-0327 (FSH) |
| Plaintiff, | **ORDER and OPINION** |
| v. | Date: June 17, 2008 |
| MORRIS COUNTY MUNICIPAL UTILITIES AUTHORITY, et al., | |
| Defendants. | |

**HOCHBERG, District Judge**

This matter is before the Court upon Plaintiff Solid Waste Services, Inc.'s ("Solid Waste Services") motion for a preliminary injunction and Defendant Waste Management of New Jersey, Inc.'s ("Waste Management") motion to strike as argumentative the Mascaro and Shepard affidavits filed with Plaintiff's reply brief in support of Plaintiff's motion for preliminary injunction. The amount in controversy exceeds $75,000 and the parties are diverse.[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court has considered the parties' arguments on the papers pursuant to Federal Rule of Civil Procedure 78.

I. FACTS

Plaintiff Solid Waste Services and Defendant Waste Management are both engaged in the

---

[1] Plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant Morris County Municipal Utilities Authority is a municipal authority organized and existing under the laws of New Jersey. Defendant Waste Management is a Delaware Corporation with its principal place of business in New Jersey.

business of waste disposal.  On October 15, 2007, Morris County Municipal Utilities Authority ("MCMUA") publicly announced that it would accept bids on a contract for the operation of Morris County's solid waste transfer stations, transportation of solid waste, and disposal of the county's solid waste.  Bidding opened on December 18, 2007 and Defendant Waste Management's bid of $190,290,000 was the lowest received.  On December 20, 2007, Plaintiff notified MCMUA of its belief that Waste Management's bid was non-responsive and that, under New Jersey law,[2] MCMUA could not consider Waste Management's bid.  Solid Waste Services' bid was the second lowest and, it asserts, the lowest responsive bid.

At MCMUA's January 8, 2008 meeting, MCMUA held a public session during which Solid Waste Services presented its argument that Waste Management's bid was non-responsive and should be rejected.  MCMUA considered Solid Waste Services's arguments, but awarded the contract to Waste Management that same day.  Waste Management was to begin performance of the contract on January 28, 2008.  On January 17, 2008, Plaintiff filed a complaint in this Court.  Plaintiff's position is that Defendant Waste Management's bid was materially non-responsive and that, under New Jersey law, MCMUA's consideration of the bid was inappropriate.  Plaintiff seeks a ruling from this Court preliminarily enjoining the award and performance of the contract,

---

[2]  Plaintiff argues that the contract could only be awarded to the lowest responsible bidder, and that Plaintiff was the lowest responsible bidder as defined by New Jersey law.  Pursuant to N.J. STAT. ANN. § 40A:11-2(27) "'[l]owest responsible bidder or vendor' means the bidder or vendor: (a) whose response to a request for bids offers the lowest price and is responsive; and (b) who is responsible."  "'Responsible' means able to complete the contract in accordance with its requirements, including but not limited to requirements pertaining to experience, moral integrity, operating capacity, financial capacity, credit, and workforce, equipment, and facilities availability."  Id. at (32).  And "'[r]esponsive' means conforming in all material respects to the terms and conditions, specifications, legal requirements, and other provisions of the request."  Id. at (33).

and ordering Defendant Waste Management to continue to provide services until such time as Defendant MCMUA "takes appropriate action on the remaining bids and awards the contract to a responsive bidder and until such time as the successful bidder is prepared to perform the contract services . . . ."

## II. STANDARD

"Preliminary injunctive relief is 'an extraordinary remedy' that 'should be granted only in limited circumstances.'" AMG Nat. Trust Bank v. Ries, No. 06-4337, 2007 WL 2713218, at *6 (E.D. Pa. Sept. 13, 2007) (quoting KOS Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)). Plaintiff bears the burden to "show that (1) it has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006). Further, "[w]hile all four factors are important, failure to show either likelihood of success on the merits or irreparable harm 'must necessarily result in denial of a preliminary injunction.'" Dietz, 523 F. Supp. 2d 407, 424 (D. Del. 2007) (quoting In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)).

## III. ANALYSIS

Plaintiff has failed to demonstrate "that it will suffer irreparable harm if the injunction is denied". Rogers v. Corbett, 468 F.3d at 192. Plaintiff's failure to make that showing "'must necessarily result in denial of a preliminary injunction.'" Dietz, 523 F. Supp. 2d at 424. Plaintiff's sole argument regarding irreparable damages is that "[w]hen a public body such as the MCMUA awards a contract in violation of the statutory provisions of the Local Public Contracts

Law, it not only causes irreparable harm to unsuccessful bidders like Mascaro, but also it causes irreparable harm to the public at large . . . ." Mot. at 29. Putting aside the question of whether Plaintiff has standing to assert an alleged harm to the public, Plaintiff offers no explanation of how <u>it</u> would be irreparably harmed. It may be true, as Plaintiff notes, that the only relief available under the statute is equitable, but Plaintiff offers no argument as to why the Court must assess its request for that relief as a preliminary matter, rather than at the summary judgment stage.[3] Defendant Waste Management began performance of this contract on January 28, 2008 and Plaintiff has not shown that it has suffered irreparable damage as a result of Waste Management's ongoing performance. Nor has Solid Waste Services made any showing that it will be irreparably harmed in the future if the Court denies its motion for preliminary injunction and postpones a decision on the merits until the Court has the benefit of fully briefed cross-motions for summary judgment. The parties will have fully briefed cross-motions for summary judgment by June 30 and the Court will consider the parties' arguments at that time.

Further, the nature of the relief sought, the size of the contract, and the importance of this contract to the health and safety of the citizens of Morris County, all inform the Court's approach to the fourth factor set forth in <u>Rogers v. Corbett</u>: "that the public interest favors such relief." 468 F.3d at 192. The health and safety of the citizens of Morris County weigh heavily in favor of avoiding any potential disruption to this service with a preliminary injunction. The $8 million price difference between Plaintiff's bid and Defendant's bid also militates against preliminary

---

[3] Plaintiff moves this Court to set aside the MCMUA's decision to award the contract to Waste Management, and to remand the case back to MCMUA for further consideration of the other bidders. Solid Waste Services was the second-lowest bidder and $32 million lower than its nearest competitor.

relief.  This price difference would be borne by the citizens of Morris County.  The Court reserves judgment on the ultimate issue of whether the MCMUA erred in considering Waste Management's allegedly defective bid.  While the Court considers the parties' cross-motions for summary judgment, however, the Court will seek to minimize the burden on the citizens of Morris County.  Although Plaintiff's failure to demonstrate irreparable harm is dispositive, the Court's analysis of the fourth factor set forth in Rogers v. Corbett provides an alternative ground for denying Plaintiff's motion for preliminary relief.

## IV. ORDER

**ACCORDINGLY** it is on this 17th day of June, 2008

**ORDERED** that Plaintiff's motion for preliminary injunction (DKT#1) is **DENIED**; and it is further

**ORDERED** that Defendant's motion to strike certain affidavits filed with Plaintiff's reply brief (DKT#58) is **DENIED** as moot.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**